

ORIGINAL

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GENE TANNEY, #201795,

        Plaintiff,

No. 04-cv-71260

v

HON. VICTORIA A. ROBERTS

Kandis Boles,

MAG. STEVEN D. PEPE

        Defendant

---

Susan M. Kornfield  (P41071)
Matthew T. Janc (P58396)
Luttrell D. Levingston (P64674)
Bodman LLP
Attorneys for Plaintiff
100 Renaissance Center, Floor 34
Detroit, MI  48243
(313) 393-7529

A. Peter Govorchin (P31161)
Assistant Attorney General
Attorney for Defendant
PO Box 30217
Lansing, MI  48909
(517) 335-7021

---

## AMENDED CIVIL COMPLAINT

Gene Tanney (hereafter "Plaintiff"), by his attorneys, Bodman LLP, states the following for his Amended Complaint:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for the reason that Plaintiff asserts claims arising under the Constitution of the United States and certain laws of the United States including, 42 U.S.C § 1983, Title II of the Americans with Disabilities Act (hereafter "ADA") 42 U.S.C 12101 et seq., and Section 504 of the Rehabilitation Act of 1973 (hereafter "RA"), 29 U.S.C. § 794.

2.      The Court has jurisdiction of this action pursuant to 29 U.S. C. § 1343 (a)(3) for the reason that Plaintiff seeks to redress the deprivation of rights secured by the ADA, RA, and the Constitution of the United States by an individual acting under the color of state law.

3.      The Court has supplemental jurisdiction of Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) for the reason that such claims are so related to Plaintiff's claims arising under the Constitution and certain laws of the United State that they form part of the same case or controversy.

## PARTIES

4.      Plaintiff is now, and at all times relevant to this action has been, a State prisoner in the custody of the Michigan Department of Corrections (hereafter "MDOC").

5.      At all times relevant to this action, Plaintiff was confined at the Charles Egler Correctional Facility's Reception & Guidance Center (hereafter "Egler"), which is located in the county of Jackson, State of Michigan.

6.      Upon information and belief, Egler receives federal funding.

7.      Upon information and belief, Defendant Kandis Boles ("Boles") is a Michigan resident.  At all times relevant to this action, Ms. Boles was an Assistant Resident Unit Supervisor (hereafter "ARUS") at Egler, and as such, was acting in her official capacity, and under color of state law.

## STATEMENT OF FACTS

8.      On or about March 6, 2003, Plaintiff was returned to the sole custody of the MDOC for violation of parole.

2

9.     Upon his arrival at Egler, Plaintiff was tested and evaluated to determine his medical, psychological, programming, educational and security needs. Based on this evaluation, a Qualified Health Professional of the Bureau of Health Care Services (hereafter "BHCS") determined that Plaintiff should be issued a "Special Accommodation Notice (CHJ-244)" in accordance with policy directive PD 04.06.160 (Medical Details and Special Accommodation Notices) because of a profound hearing loss.

10.     A Special Accommodation Notice identifies medical conditions that restrict a prisoner's ability to function adequately in the institutional environment.

11.     By receiving a Special Accommodation Notice, all agents and employees of the MDOC were on notice that Plaintiff is hearing impaired and requires communication assistance, including access to a Telecommunication Device for the Deaf ("TTY").

12.     The Plaintiff was housed in 2 block north, cell 40, second gallery while residing at Egler. Defendant Boles was the ARUS for Plaintiff and all other inmates of that block and had actual and constructive knowledge of their constitutional rights.

13.     In her capacity as ARUS, Defendant's responsibilities included assisting prisoners and processing their paper work.

14.     Plaintiff sought to call legal organizations, family, and friends for assistance in connection with his parole revocation hearing. In this regard, Plaintiff completed the required "Telephone Agreement and Number List — Monitor and Record Form (CAJ-370)" as required by PD 05.03.130(L).

3

15.     The MDOC has recognized that hearing impaired prisoners must use a TTY for telephone calls, which is governed by PD 05.03.130. Paragraph JJ, states in part as follows:

> A hearing impaired prisoner shall be permitted access to a
> TTY for telephone calls to a person or organization on the
> prisoner's approved telephone list or on the universal list . .
> . [PD 05.03.130(JJ)].

16.     On March 20, 2003, Defendant Boles approved all of the telephone numbers on Plaintiff's list. The form was returned to Plaintiff on March 26, 2003, with a PIN that allowed him to access his approved telephone numbers.

17.     While housed in 2 block, Plaintiff repeatedly requested to use the TTY to contact witnesses for an upcoming parole hearing and to contact legal agencies, family and friends. Plaintiff only was allowed one telephone call per week and many of these calls were not connected.

18.     When Plaintiff asked to use the TTY, he was told by the first and second shift officers in his unit that they did not have keys to access the TTY in the ARUS's office or that there was no staff available to monitor the calls.

19.     Plaintiff advised the unit officers that his inability to use the TTY constituted a denial of his constitutional rights that prisoners without a hearing impairment were able to enjoy. In response, the officers told Plaintiff to "take it up with counselor Boles."

20.     Plaintiff met with Defendant Boles in her office and showed her a copy of his "Special Accommodation Notice." Defendant acknowledged this Notice and even showed Plaintiff that she had a copy of it in her case file.

4

21.     At that time, Plaintiff told Defendant Boles that she was violating his constitutional rights, the ADA and the RA by not giving him continual access to a telephone like the other prisoners.

22.     William J. Denman ("Denman") was Defendant's direct supervisor. On at least one occasion, Plaintiff told Denman that he was not receiving meaningful access to the TTY. Denman said he would investigate but never responded to Plaintiff's inquiries.

23.     Plaintiff also informed Nick Ludwick, Egler's Warden, via intramural correspondence that he was being denied meaningful access to the TTY. Ludwick did not respond to Plaintiff's correspondence.

24.     On April 17, 2003, during the time that Plaintiff was denied meaningful access to the TTY, Defendant Boles issued a "Notice of Intent to Conduct an Administrative Hearing Report – CSJ-282," ("NOI") to Plaintiff. The NOI stated as follows:

> On Saturday 4/5/03 prisoner was allowed to place a phone call. Prisoner is hearing impaired and used the TTY machine and my [Defendant Boles] 2 North office phone. Prisoner had the relay operator place a call to a number. The printout of the conversation showed the Nextel user was not available so the prisoner tried to call someone else. After a time, prisoner placed a call to the same number. The printout showed the Nextel user was not available and he may leave a message. The printout went on to read that this number is for someone named Scott and this voicemail asking the caller to leave a message. Prisoner disconnected the call at that time.

5

Prisoners are not allowed to make calls to a cell phone for security reasons. A cell phone number may be on an approved list. For a hearing prisoner our facility phone system would not allow it to go through. Since prisoner was using an outside line for the TTY he would not be automatically denied. Prisoner attempted a cell phone number twice. Prisoner actually got through once, but decided not to leave a message.

Printout was turned over to Insp. Burton for review. Printout is unavailable.

See Exhibit A.

25.     Defendant wrote this NOI because Plaintiff allegedly called a cell phone number. However, that number was on Plaintiff's list of telephone numbers that Defendant had approved.

26.     The applicable prison phone policy at the time, PD 05.03.130, did not prohibit calling a cell phone number.

27.     On or about April 18, 2003, the MDOC reviewed the above-mentioned NOI with Plaintiff at the Control Center. Plaintiff requested a qualified interpreter, relevant documents and a hearing investigator so that he could defend himself against the NOI. The reviewing officer denied Plaintiff's requests.

28.     Plaintiff never received a hearing for the NOI even though the MDOC imposed, based on the NOI, the phone restrictions.

29.     Defendant was required to conduct the hearing pursuant to paragraph GG of PD 05.03.130, which reads in part:

6

A prisoner shall be given a hearing pursuant to rule 791.3310, the telephone may be restricted pending the hearing, but the hearing shall be held within 14 days after the imposition of the temporary restriction. (PD 05.03.130 [GG]).

30.    The next time Plaintiff sought to use the phone, the unit officer told Plaintiff that he was on a phone restriction. Plaintiff immediately returned to his cell and filed a grievance on this issue. See Exhibit B.

31.    Denman was the first step grievance investigator, but he did not interview the Plaintiff.

32.    On or about April 30, 2003, Denman denied Plaintiff's Step I grievance. Plaintiff then requested a Step II grievance appeal form.

33.    On or about May 15, 2003, Plaintiff filed the appropriate "step two" appeal. See Exhibit C.

34.    Nick Ludwick denied Plaintiff's Step II Grievance, stating in his response that Plaintiff had access at all times to the TTY.

35.    On or about June 28, 2003, Plaintiff filed his Step III grievance.

36.    Plaintiff has made a good faith effort to resolve the issues within this complaint with the Defendant and her supervisors, but they all refused to cooperate. See Exhibit D.

## COUNT I 42 U.S.C. § 1983
## Deprivation of Civil Rights ( Due Process)

37.    Plaintiff adopts and incorporates herein by reference paragraphs 1 through 36.

7

38.     Plaintiff submitted a telephone calling list (the "List") to Defendant, which was approved by Defendant.

39.     Defendant subsequently issued a "Notice of Intent to Conduct an Administrative Hearing Report – CSJ-282" ("NOI"), alleging that Plaintiff violated prison regulations by calling a cellular telephone number, which was on his approved List.

40.     Plaintiff was never told about any such restriction in violation of his due process rights under the United State Constitution.  On information and belief, no such restriction exists in any published regulations made available to prisoners.

41.     Plaintiff never received a hearing for the NOI even though the MDOC imposed, based on the NOI, the phone restrictions.

42.     Defendant was required to conduct the hearing pursuant to paragraph GG of PD 05.03.130, which reads in part:

> A prisoner shall be given a hearing pursuant to rule 791.3310, the telephone may be restricted pending the hearing, but the hearing shall be held within 14 days after the imposition of the temporary restriction. (PD 05.03.130 [GG]).

43.     Defendant's imposition of a telephone restriction for violation of a non-existent rule, and failure to conduct an administrative hearing violated Plaintiff's due process rights under the United States Constitution.

WHEREFORE, Plaintiff prays for judgment against Defendant granting him injunctive and declaratory relief and awarding him damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

Detroit_577325_3

## COUNT II - 42 U.S.C. § 1983
## Deprivation of Civil Rights ( FREE SPEECH)

44.     Plaintiff adopts and incorporates herein by reference paragraphs 1 through 43.

45.     The First Amendment of the United States Constitution protects the right of a detainee to use the telephone to contact legal representatives and other persons to prepare his defense.

46.     Plaintiff attempted to use the MDOC's TTY to contact an attorney and witnesses relating his parole revocation hearing.

47.     Defendant denied Plaintiff meaningful access to the TTY, which prevented him from exercising his constitutional right of expression regarding his parole revocation hearing.

WHEREFORE, Plaintiff prays for judgment against Defendant granting him injunctive and declaratory relief and awarding him damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

## COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C § 12132

48.     Plaintiff adopts and incorporates herein by reference paragraphs 1 through 47.

49.     Plaintiff is profoundly deaf and is thus a qualified individual with a disability.

50.     The BHCS recognized Plaintiff's disability when it issued him a special accommodation notice.

51.     Defendant knew that Plaintiff had a hearing disability.

9

52.     Defendant allowed other prisoners besides Plaintiff to regularly make telephone calls.

53.     Defendant denied Plaintiff similar access by not allowing him to use the TTY.

54.     Plaintiff's inability to make telephone calls was based solely on his disability.

55.     Defendant intentionally discriminated against Plaintiff because of his disability by denying him meaningful access to a TTY.  These actions were taken with deliberate indifference to Plaintiff's rights under the ADA.

56.     Defendant also failed to reasonably accommodate Plaintiff's disability.

WHEREFORE, Plaintiff prays for judgment against Boles granting him injunctive and declaratory relief and awarding him damages in an amount to be determined at trial, together with attorney fees authorized by Title II of the Americans with Disabilities Act, plus costs and interests.

## COUNT IV- VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
## 29 U.S.C. § 794.

57.     Plaintiff adopts and incorporates herein by reference paragraphs 1 through 56.

58.     On information and belief, Egler receives federal funding.

59.     Egler has a policy of allowing its prisoners to place telephone calls.

60.     Defendant deprived Plaintiff of his right to place telephone calls by denying him meaningful access to the TTY.

10

Detroit_577325_3

61.     Defendant's denial of Plaintiff's right to use the telephone was based solely on Plaintiff's disability and thus violated Section 504 of his Rehabilitation Act.

62.     Defendant's actions were taken with deliberate indifference to Plaintiff's federally protected rights under Section 504 of the Rehabilitation Act.

WHEREFORE, Plaintiff prays for judgment against Boles granting him injunctive and declaratory relief and awarding him damages in an amount to be determined at trial, together with attorney fees authorized by Section 504 of the Rehabilitation Act, plus costs and interests.

## COUNT V - VIOLATION OF ARTICLE I § 5 OF THE MICHIGAN CONSTITUTION (FREE SPEECH)

63.     Plaintiff adopts and incorporates herein by reference paragraphs 1 through 62.

64.     Article I, § 5 of the Michigan Constitution protects the right of a detainee to use the telephone to contact legal representatives and other persons to prepare his defense.

65.     Plaintiff attempted to use the TTY to contact an attorney and witnesses relating his parole revocation hearing.

66.     Defendant denied Plaintiff meaningful access to the TTY, which prevented him from exercising his constitutional right of expression regarding his parole revocation hearing.

WHEREFORE, Plaintiff prays for judgment against Defendant granting him injunctive and declaratory relief and awarding him damages in an amount to be determined at trial, plus costs, interest and attorney fees.

## COUNT VI - VIOLATION OF ARTICLE I § 17 OF THE MICHIGAN CONSTITUTION (FAIR AND JUST TREATMENT)

11

67.     Plaintiff adopts and incorporates herein by reference paragraphs 1 through 66.

68.     Plaintiff submitted a telephone calling list (the "List") to Defendant, which was approved by Defendant.

69.     Defendant subsequently submitted a "Notice of Intent to Conduct an Administrative Hearing Report – CSJ-282" ("NOI"), alleging that Plaintiff violated prison regulations by calling a cellular telephone number, which was on his approved List.

70.     Plaintiff never received a hearing for the NOI even though the MDOC imposed, based on the NOI, the phone restrictions.

71.     Defendant was required to conduct the hearing pursuant to paragraph GG of PD 05.03.130, which reads in part:

> A prisoner shall be given a hearing pursuant to rule 791.3310, the telephone may be restricted pending the hearing, but the hearing shall be held within 14 days after the imposition of the temporary restriction. (PD 05.03.130 [GG]).

72.     Defendant's imposition of a telephone restriction for violation of a non-existent rule, and failure to conduct an administrative hearing violated Plaintiff's right to fair and just treatment under the Michigan Constitution.

WHEREFORE, Plaintiff prays for judgment against Defendant granting him injunctive and declaratory relief and awarding him damages in an amount to be determined at trial, plus costs, interest and attorney fees.

## COUNT VI - VIOLATION OF THE MICHIGAN HANDICAPPERS' CIVIL RIGHTS ACT ("HCRA").

Detroit_577325_3

73.     Plaintiff adopts and incorporates herein by reference paragraphs 1 through 72.

74.     Plaintiff is profoundly deaf and thus is handicapped as defined under the HCRA.

75.     The BHCS recognized Plaintiff's handicap when it issued him a special accommodation notice

76.     Defendant knew that Plaintiff had a hearing disability.

77.     Defendant allowed other prisoners besides Plaintiff to regularly make telephone calls.

78.     Defendant denied Plaintiff similar access by not allowing him to use the TTY.

79.     Plaintiff's inability to make telephone calls was based solely on his disability.

80.     Defendant intentionally discriminated against Plaintiff because of his disability by denying him meaningful access to a TTY.  These actions were taken with deliberate indifference to Plaintiff's rights under the HCRA.

81.     Defendant also failed to reasonably accommodate Plaintiff's disability.

WHEREFORE, Plaintiff prays for judgment against Boles granting him injunctive and declaratory relief and awarding him damages in an amount to be determined at trial, together with attorney fees authorized by MCL § 37.1606 of the HCRA, plus costs and interest.

## RELIEF

WHEREFORE, for all of the foregoing reasons, Plaintiff prays for the following relief:

13

A.     That this Court declare that Defendant, by the above-mentioned acts and omissions, is liable to Plaintiff for violating his rights under the United States Constitution, Section 504 of the Rehabilitation Act, and Title II of the Americans With Disabilities Act; the Michigan Constitution and the Handicappers' Civil Rights Act.

B.     That this Court enter a permanent injunction enjoining the Defendant, her successors in interest, and those acting in concert with her from committing in the future the wrongs complained of herein;

C.     That this Court grant nominal, compensatory and punitive damages in favor of Plaintiff and against Defendants in an amount to be determined by this Court in excess of $50,000;

D.     That this Court award Plaintiff his expenses and reasonable attorneys fees; and

E.     That this Court grant any other and further relief required by justice and equity.

Respectfully submitted,

Bodman LLP
Susan M. Kornfield  (P41071)
Matthew T. Jane (P58396)
Luttrell D. Levingston (P64674)
Attorneys for Plaintiff
100 Renaissance Center, Floor 34
Detroit, MI 48243
(313) 393-7529

14



*Exhibit-A*

MICHIGAN DEPARTMENT OF CORRECTIONS
## NOTICE OF INTENT TO CONDUCT AN ADMINISTRATIVE HEARING REPORT     CSJ-282   Rev. 1/86

| Institution SMN-RGC | Prisoner's Name Tanney | | Number 201795 | Date 4/17/03 |
|---|---|---|---|---|
| Reporting Staff Member's Signature C.M. K. Boles | | | Block/Unit Number 2 | Cell/Room Number 40-2 |
| Nature of Hearing: Telephone Restriction | | | | |

REASON FOR HEARING:

On Saturday 4/5/03 prisoner was allowed to place a phone call. Prisoner is hearing impaired and used the TTY machine and my 2 North office phone. Prisoner had the relay operator place a call to a number. The printout of the conversation showed the Nextel user was not available so the prisoner tried to call someone else. After a time, prisoner placed a call to the same number. The printout showed the Nextel user was not available and he may leave a message. The printout went on to read that this number is for someone named Scott and his voicemail asking the caller to leave a message. Prisoner disconnected the call at that time.

Prisoners are not allowed to make calls to a cell phone for security reasons. A cell phone number may be on an approved list. For a hearing prisoner our facility phone system would not allow it to go through. Since prisoner was using an outside line for the TTY he would not be automatically denied. Prisoner attempted a cell phone number twice. Prisoner actually got through once, but, decided not to leave a message.

Printout was turned over to Insp. Burton for review. Printout is unavailable.

PROPOSED DISPOSITION

Restrict prisoner phone privileges.

Reviewed by:                          Date:

| I waive the 24 hour notification of hearing requirements | RESIDENT'S SIGNATURE |
|---|---|
| RELEVANT DOCUMENTS REQUESTED | STAFF ASSISTANCE REQUESTED ☐ YES        ☐ NO |
| I have received a copy of this report. My signature does not necessarily mean that I agree with the report. | RESIDENT'S SIGNATURE |
| I understand the proposed disposition stated above and waive the right to a hearing. | RESIDENT'S SIGNATURE |

Distribution:  Central office, Institution, Counselor, Prisoner



Exhibit - B
4835-4247 10/94
CSJ-247A

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE FORM

Date Received at Step I  4-22-0?     Grievance Identifier: SMN|037|6M|00|-|301|2I|

Be brief and concise in describing your grievance issue. If you have any questions concerning the grievance procedure, refer to PD 03.02.130 and OP 03.02.130 available in the prison Law Library.

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Gene Tanney | 201795 | SMN | 2w 55 B | ongoing | 4-18 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _4-10 4-13 4-18_
If none, explain why. Through use of INTramural Corruspondence Form CSJ-105
I Tried To resolve prior To filing of This grievance

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. This grievance will
act To Serve NoTice ThaT Case Manger K. Boles of 2 NorTh Block
is in direcT Violation of FedrAl LAW specificly The AMERICANS wiTh
DisAbiliTies AcT TiTle II. Reason: I Am A hearing impaired prisoner wiTh
A special accomadaTion noTice CHJ 244 Form. I require The use of A TTY
Telephone for deaf. I Am being refused access To said phone by K. boles.
This is DiscriminaTion in direcT violaTion of pg 26 prisoner guidebook, as
well As ADA TiTle II. All non impaired prisoners have access To a phone
each day wilE AT same Time she forces me To beg in a degrading Manner
To geT a call 1 Time week. This noT only humiliates me buT MAkes me feel
like less of A Human being because of her DeliberaTe indifference To
My Handicap! I Am now TAking nAmes And Times of each officer
I requesT call from and daTes To show A failure To AccomadaTe!
I Fear reTaliaTion for wrighting grievance      Gene Tanney
from officers, and Boles.     STEP II Form requested     Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No    If No, give explanation. If resolved, explain resolution.)
"unable to interview Prisoner who Transfered to JMF on 4-23-03

| | | | |
|---|---|---|---|
| _QJ Denman_ | 4/25/03 | _M Myers_ | 4/25/03 |
| Respondent's Signature | Date | Reviewer's Signature | Date |
| W Denman | | L Myers | |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to | 4-300? | If resolved at Step I, Grievant sign here. | | |
|---|---|---|---|---|
| Grievant: | | Resolution must be described above. | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink--Process to Step One; Goldenrod--Grievant

*EXHIBIT B*

Step I Grievance Response

| Grievance Number: | 05 0537 17I |
|---|---|
| Prisoner Name: | Tanney |
| Prisoner Number: | 201795 |

| Prisoner | | was | x | was NOT interviewed. GIVE REASON: | Transferred to JMF on 4-23-03 |
|---|---|---|---|---|---|

**SUMMARY OF COMPLAINT:**

Complaints regarding the use and availability on the TTY machine for phone calls

**INVESTIGATION INFORMATION**

Prisoner did have availability to TTY machine when staff was available to supervise (at least 4 occasions). Prisoner fails to mention that a NOI was written on him for abusing his phone privileges.

**APPLICABLE POLICY, PROCEDURE, ETC.**

PD 05.03.130 Prisoner Telephone Policy

**SUMMARY**

Based on all information present prisoner has failed to provide any written documentation to demonstrate a grievable issue. Grievance denied.

| RESPONDENT NAME: | William J. Denman | TITLE: | RUM |
|---|---|---|---|
| RESPONDENT SIGNATURE: | | DATE: | 4-25-03 |

| REVIEWER NAME: | L. MYERS | TITLE: | |
|---|---|---|---|
| REVIEWER SIGNATURE: | | DATE: | |



Step II
Grievance Received
5/19/03

4835-4248  12/97
CSJ-247 B

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Date Received by Grievance Coordinator
at Step II: _____        Grievance Identifier: | M | D | 0 | 9 | 0 | 4 | 0 | 0 | - | D | 1 | 7 | 4 |

INSTRUCTIONS:   THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) MUST be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ by _____. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| GENE TANNEY | 201795 | DRF | 8-117 | ongoing | 5/15/03 |

STEP II--Reason for Appeal  The beginning response admits that wile hearing prisoner had unlimited access to telephones, I in fact, was permitted one 4 times when staff was available. I did not fail to mention anything ,nor is it appropriate for staff to use the grievance process for "tit for tats"in response to valid complaints. For the record,in response, a false NOI was written for something that is not a violation under any defination of the policy, and for which i was not sanctioned. I did not abuse any privilege nor was I heard or punished for any such thing as my file clearly indicates and this response does not in any way,address the ADA violations I raised. I have an extensive log of denials of access to a telephone and as with hearing prisoners,there are limited times that

STEP II--Response

| Date Received by |
| Step II Respondent: |

| Respondent's Name (Print) | Respondent's Signature | Date |

| Date Returned to |
| Grievant: |

STEP III--Reason for Appeal  Step 11 response not acceptable. Warden Ludwick's very statement admits guilt. The very fact of a deaf prisoner being allowed access to the phone 4 times when staff is available, shows not only discrimination, but a lack of policy and procedure in dealing with handicap needs at RG&C were they need it most. Hearing prisoners are allowed to use the phones when staff is not available, so why are deaf not allowed access to the phones for the same amount of time as hearing prisoners. Also as to the bogus NOI staff never turned it in at RG&C and it was never followed up, it was simply issued to Tanney as a means to keep him from phone use.
NOTE:  Only a copy of this appeal and the response will be returned to you.

STEP III--Director's Response -is attached as a separate sheet.

If you find the Step III Director's response unsatisfactory, you have the option of referring the grievance to the Office of Legislative Corrections Ombudsman, 4th Floor, Capitol Hall, 115 W. Allegan, Lansing, Michigan, 48913.

DISTRIBUTION:   White--Central Office; Green--Canary--Step III; Pink--Step II; Goldenrod--Grievant

EXHIBIT - QC

STEP 2 Response continued,

that I can reach my family, friends and my legal counsel.  I should not have to beg because of my disability for the same privileges accorded to hearing prisoners whom receive those privileges freely.



## Step II Grievance Appeal Response

SMN 03 04 00537 171

**Name:** Tanney   **Number:** 201795   **Lock:** 2/B/55

Your Step I grievance, the response, and your reason for appeal have been reviewed.

**Summary of Step I Complaint:**

Grievant alleges that case manager boles are in Violation of the Americans With Disabilities Act. The Grievant claims to be a hearing impaired prisoner with a special accommodation notice. The grievant claims that C/M Boles is denying him access to the TTY phone used for the hearing impaired. The Grievant feels he should have access to the phone on a daily basis as prisoners with non impaired prisoners are allowed the phone once a day.

**Summary of Step I Response:**

The Step I response indicated that the grievant did have access to the TTY phone and made calls on at least four occasions. On one occasion the grievant was written a Notice of Intent to Conduct an Administrative hearing Report for abusing his phone privileges. The Grievance was denied at Step I.

**Summary of Reason for Appeal:**

The Grievant claims that the Step I response indicated that prisoners that are not hearing impaired are offered the phone on an unlimited basis, and he only used the phone four times. The Grievant also claims that a false NOI was written on him and he did not abuse any privilege and was never sanctioned for the NOI. He also states that the Step I response did not address his ADA violations he raised.

**Summary of Step II Investigation:**

P.D 05.03.130 "Prisoner Telephone usage", and C/M Boles was interviewed

**Conclusion:**

The Grievant is alleging that the TTY phone for the hearing impaired was not available on an unlimited basis and attends that C/M Boles is in violation of the ADA. It was found through investigation that the TTY phone was available to the Grievant upon request and staff availability. It was also determined that the Grievant used this phone on four occasions from 4/1/03 (the day the grievant received his phone list) to 4/13/03. On 4/17/03 a NOI (see attached copy) was written regarding an alleged violation of P.D. 05.03.130 "Prisoner Telephone Usage". Pursuant to Paragraph GG of this policy the Grievant was restricted from phone privileges pending the out come of the hearing. On 4/23/03 The prisoner was transferred to another facility and the NOI was sent to be conducted by the new facility. The Grievant's claims have been investigated, and his allegations of the Case Manager's inappropriate conduct could not be substantiated. The Grievant has submitted no evidence to substantiate his claims or to cast doubt upon the credibility of staff.

Based on the above, this grievance is considered     Denied     at Step II.


N.Ludwick, Warden                                          6/18/03
                                                           Date

*Exhibit - D*

THIRD STEP GRIEVANCE RESPONSE

GENE TANNEY, #201795
SMN, 03-04-00537-17i

The Grievant presents an issue which alleges that Case Manager Boles is in violation of the Americans with Disabilities Act. The grievance was processed at the local level according to the provisions of Policy Directive 03.02.130, titled "Prisoner/Parolee Grievances". Investigation at step three has determined that the action of staff is in accordance with PD-05.03.130, paragraph GG. Therefore, relief is not warranted at this level.

This investigator has reviewed the record presented with the appeal to step three. The record supports that staff properly responded to this grievance. Additional information has not been presented to demonstrate an error in this determination. This decision is upheld at this level. This grievance appeal is denied.

Approval Signature: _____   Date: _8/28/03_

#J/08-27-03-1

cc:     Warden
        Grievant

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GENE TANNEY, #201795,

        Plaintiff,                   No. 04-cv-71260

v                                HON. VICTORIA A. ROBERTS

Kandis Boles,                   MAG. STEVEN D. PEPE

        Defendant

---

Susan M. Kornfield  (P41071)
Matthew T. Jane (P58396)
Luttrell D. Levingston (P64674)
Bodman LLP
Attorneys for Plaintiff
100 Renaissance Center, Floor 34
Detroit, MI  48243
(313) 393-7529

A. Peter Govorchin (P31161)
Assistant Attorney General
Attorney for Defendant
PO Box 30217
Lansing, MI  48909
(517) 335-7021

---

## PROOF OF SERVICE

Connie M. Faull certifies that she is an employee of Bodman LLP and that on **October 19, 2004** she served a copy of **Plaintiff's Amended Civil Complaint and this Proof of Service,** upon:

| A. Peter Govorchin (P31161) Assistant Attorney General PO Box 30217 Lansing, MI  48909 | | |
|---|---|---|

by placing the same in the United States mail with first class postage fully prepaid.

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

Connie M. Faull